ELLA M. BAILEY v. CHARLES F. ANDERSON and Others.

December 20, 1898.

Nos. 11,414—(177).

**Satisfaction of Mortgage—Action to Cancel—Finding of Payment Sustained by Evidence.**

This is an action to cancel a release of a mortgage on the ground that it and the mortgage were delivered to the mortgagor without payment of the mortgage, and to foreclose the mortgage. *Held,* that a finding of the trial court to the effect that the mortgagor paid the mortgage in full to the agents of the mortgagee, who were then authorized to receive payment thereof for her, is sustained by the evidence.

Action in the district court for Carver county to cancel a satisfaction of mortgage, and the record thereof, and to foreclose the mortgage. The cause was tried before Cadwell, J., who ordered judgment in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Bodge & Gould,* for appellant.

*W. C. Odell.* and *Hahn, Belden & Hawley,* for respondents.

START, C. J.

The appellant, on December 10, 1888, then and still a resident of Montpelier, Vermont, through A. F. & L. E. Kelley, of Minneapolis, made a loan of $1,500 to the respondent Charles F. Anderson, for which he and his wife made their promissory note to the appellant, and executed to her a mortgage on their farm in the county of Carver, this state, to secure its payment in five years, with interest. This note and mortgage, at some time after they became due, were delivered by A. F. & L. E. Kelley to Anderson as paid, and a release of the mortgage, duly executed by the appellant, was also delivered by them to Anderson, which was duly recorded in the office of the register of deeds of the proper county. Whether the note and mortgage were received from the appellant by the Kelleys before or at the same time that they received the release was a disputed and material question on the trial of this case.

The appellant brought this action to cancel the release and to

75 M.—4

foreclose the mortgage on the ground that the note and mortgage had never been paid, but that, with the release, they were delivered to the mortgagors by the Kelleys by fraud or mistake.

The answer of the mortgagors alleged payment in full of the mortgage debt to the Kelleys, and that thereupon the release was duly and rightfully delivered to them.

Upon the issue of payment and the agency of the Kelleys in the premises the trial court made the following finding:

"That on or prior to the 4th day of January, 1894, the defendants, Charles F. Anderson and Caroline Anderson, fully paid the said note and mortgage to A. F. & L. E. Kelley, of Minneapolis, who were then and there the agents of the plaintiff, duly authorized and empowered to receive payment thereof; and thereupon the plaintiff, on the said 4th day of January, A. D. 1894, duly executed a release of said mortgage, which was duly recorded in the office of the register of deeds of said Carver county, as alleged in the pleadings."

As a conclusion of law, the court found that the defendants were entitled to judgment adjudging the mortgage to be fully paid and satisfied. The appellant appealed from an order denying her motion for a new trial.

1. It was claimed by the respondents on the trial that the mortgage was paid in full to the Kelleys as the agents of the appellant after its maturity, and in the month of December, 1893. The appellant claimed that no such payment was made, but, if it was, the Kelleys were not authorized by her to receive it. She, however, substantially concedes that, if the note and mortgage were in the possession of the Kelleys at the time of the alleged payment, they were authorized to receive payment thereof as her agents; but she insists that they were not sent to the Kelleys until on or about January 4, 1894, when she sent them for collection, with a release of the mortgage. That it was her intention to make the Kelleys her agents to collect the note and mortgage whenever she forwarded them for collection, and that she did so send them forward, and that they were received by the Kelleys, and delivered by them to the mortgagors, are admitted facts in the case. But her contention is that, because the note and mortgage were not forwarded, as she claims, to her agents, until after the alleged payment was made to them, they had no authority to then receive the payment for her.

Assuming, for the present, that the payment was in fact made to the Kelleys as claimed by the respondents, the first question for our decision is, did the Kelleys have authority to receive, at the time it was made, payment of the mortgage? The trial court found as a fact that they had. This necessarily includes a finding to the effect that the note and mortgage were then in the possession of the Kelleys for collection, if the further claim of the appellant is correct that it appears from the undisputed evidence that they had no authority to receive the payment for her until they had the note and mortgage in their possession for collection.

The respondents urge that the evidence shows not only that the Kelleys then had the note and mortgage, but, were it otherwise, they were authorized to receive the payment. We have no occasion to inquire as to the general authority of the Kelleys in the premises, for, after a careful examination of the evidence, we are of the opinion that it sustains the finding that the note and mortgage were in the possession of the Kelleys for collection before the alleged payment was made to them. The evidence was not such as to require the trial court to so find, and it is certain that, if it had found to the contrary, the evidence would sustain the finding. But the evidence on this issue is far from being conclusive in her favor. We accordingly hold that the finding to the effect that the Kelleys were authorized to receive payment of the mortgage for the appellant at the time it was made is sustained by the evidence.

2. The appellant further contends that the evidence was not sufficient to sustain the finding that the mortgage was in fact ever paid to the Kelleys. The evidence on this question was sufficient to establish these facts: The mortgage matured December 10, 1893, and the mortgagor Anderson was notified by the Kelleys some time prior to that date that his mortgage could not be extended, and must be paid. He accordingly applied to the Kelleys, through their local agent, Mr. Du Toit, to secure for him a new loan with which to pay appellant's mortgage. The Kelleys, for him, applied to the respondent Post for such loan, who accepted it on December 9. Thereupon Anderson and wife executed a mortgage on their farm to Post for $1,500, which was sent to the Kelleys December 19, and forwarded by them to Post on December 20. On the same

day the Kelleys charged Post on their books the amount of the loan, $1,500, and credited the appellant the amount of her mortgage, $1,500. No other entries of this particular transaction were ever made in their books. Post sent the money to cover the Anderson loan and others, by mail, December 20, to the Kelleys, by a draft of $5,000, payable to their order. They received the draft December 23, and immediately deposited it in bank with their own funds.

The Kelleys were the agents of Anderson to procure a loan for him with which to pay appellant's mortgage, and to receive the money on such loan. When the money was received by them on the Post mortgage, they were also the agents of the appellant to receive payment of her mortgage. They received a release of her mortgage from her some time after January 4, 1894, and delivered it to Anderson. Whether they had previously delivered the note and mortgage to him, or delivered them with the release, is not entirely clear from the evidence. The Kelleys never paid the money received by them to pay appellant's mortgage to her, and they are now insolvent. The inference which may fairly be drawn from these facts is that Anderson paid his mortgage to the appellant's agents on December 23, when they received the money from Post.

The counsel for the appellant, however, urge that, because the Kelleys made the book entries three days before they actually received the money, there was never any appropriation of the money to the payment of the mortgage, and that when they deposited it in the bank to their own credit they converted it to their own use, and thereby became Anderson's debtors to the amount thereof. This question of payment does not depend wholly on the entries which the Kelleys made in their books, for, if none had ever been made, the evidence would justify the conclusion that the payment was made. When the Kelleys sent the new mortgage to Post on December 20, they entered the transaction on their books as a completed one, evidently assuming that Post would at once forward the money. This was a premature entry, but it is evidence of their intention to appropriate the proceeds of the Post loan to the payment of the appellant's mortgage. When, therefore, they received the money, three days after, there was no necessity to repeat the book entries, for their books then truly showed the exact transac-

tion. They so treated the entries, for they made no other or further entry as to the transaction after the money was received, and from the date of the actual receipt of the money the book entries, with the fact that they made no others after actually receiving the money, became effective as evidence tending to show an appropriation of the money for the loan to Post to the payment of appellant's mortgage at the time they received the money.

When the Kelleys received the money for Post with which to pay appellant's mortgage they not only received it for Anderson, but they at the same time received it for the appellant, for thereby the money intended to be a payment of the mortgage came to the hands of her agents for that purpose. This was followed by a surrender of the note and mortgage as paid and delivery of the satisfaction of the mortgage. The evidence is sufficient to sustain the finding of the trial court that the appellant's mortgage was in fact paid.

Order affirmed.